## JENKINS v. BAILEY,

### Opinion delivered May 27, 1905.

1.  REFORMATION—MORTGAGE—INTEREST CONVEYED.—Where it was a question whether a mortgagor owned only a fourth interest or the entire interest in a tract of land, a bill to reform the mortgage so as to describe properly the land intended to be conveyed was improperly dismissed on the ground that it failed to allege the extent of the interest of the mortgagor, as a sale of the land under foreclosure would convey only such interest as the mortgagor had. (Page 524.)

2.  ATTORNEY AD LITEM—FEE.—Where an attorney *ad litem*, appointed to represent a nonresident defendant in a suit involving only $50, reported that he could not be found, it would seem that an allowance to him of an attorney's fee of $25 was excessive. (Page 525.)

Appeal from Van Buren Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

*J. C. Clark*, for appellant.

RIDDICK, J. This is an action brought in equity by J. M. Jenkins against Africa Bailey to reform and foreclose a mortgage executed by Bailey on forty acres of land to secure a small debt of about $50 which he owed the plaintiff. One W. M. French also brought suit in the same court to foreclose a mortgage executed by Bailey to him on the same land to secure a debt which Bailey owed him. A mistake was made in each of these mortgages in describing the land owned by Bailey and which he intended to mortgage. As both of these actions were against the same defendant, and were brought to reform and foreclose mortgages on the same land, the court heard both cases together. The evidence made out a clear case in favor of plaintiffs in both cases, but the circuit judge before whom the cases were tried was of the opinion from the evidence that Bailey only owned an undivided one-fourth interest in the land described, and he refused to order a reformation of the

mortgage unless the plaintiffs would consent that the reformed mortgage should show that it was limited to his one-fourth interest in the land as one of the four heirs of his father. But the extent of the interest owned by Bailey in the land mortgaged by him was not in issue in this case. He had given these parties mortgages on this land, and these mortgages covered his entire interest, and no more. The sale of the land under a decree foreclosing the mortgages would have conveyed to the purchaser at such sale only the interest of the mortgagor, so that the other heirs would not have been prejudiced thereby, whatever the interest of the defendant was in the land; whether he owned all of it by the will of his father, as plaintiffs claimed, or only one-fourth of it by inheritance, as the court found. For these reasons we are of the opinion that the court erred in dismissing the complaints of plaintiffs.

It seems that the defendant in this case could not be found, he having left the State, so publication was made, and a non-resident attorney appointed to defend for him. When the court dismissed the cases, he taxed a nonresident attorney's fee of $25, and directed that half of it be paid by each of these plaintiffs as part of the costs in the cases. Plaintiffs contend that this fee was excessive. The debt in both of these cases was small, and the property involved apparently of but little value. The defendant was the same in each case, and the report filed by the attorney appointed to represent him was to the effect that, after making diligent inquiry, he was unable to find the present residence of the defendant. The duties of an attorney *ad litem* appointed to represent a nonresident under the statute are mainly clerical. He is required to correspond with the nonresident defendant, if he can be found, and inform him of the nature of the action brought against him, so as to allow him to decide whether he will enter an appearance and make defense or not. In this case he could not be found, and the attorney so reported, and this was the end of his duty. Taking into consideration the small amount involved, $25 seems to us to be a rather large amount to allow an attorney for making inquiry about the whereabouts of a nonresident defendant. So far as we can see a much smaller amount would have been sufficient where the amount involved was as small as that here. But, as the trial court may

have had facts on that point before it that are not shown in the record, and as the case must for the reason stated be reversed, we leave the matter to the further consideration of that court.

Judgment reversed, with an order that a decree reforming and foreclosing mortgage of plaintiffs be entered.